### LEROY O'STEEN v. STATE OF FLORIDA

27 So. (2nd) 729          June Term, 1946
November 5, 1946        Special Division B

*Scruggs & Carmichael* and *Robert C. Kime,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *T. E. Duncan,* State Attorney, for appellee.

BARNS, Circuit Judge:

Appellant was charged in the court below with unlawfully having "in his possession certain implements and devices for conducting a lottery commonly known as cuba" and that he was "then and there interested in the conducting of said lottery and possessed" same for that purpose.

According to the State's evidence when the tickets are sold they are dated in order to fix the date on which the winner of the lotery will be determined; that until sold they are only printed matter subject to being utilized as aforesaid. The tickets offered in evidence by the State were not dated.

On the day of arrest Officer Tullis of the Police Department of the City of Gainesville, with a Supervisor of the State Beverage Department, went to the premises armed with two warrants charging liquor offenses. The police officer also had a search warrant but it was held fatally defective by the trial judge. The search seems to have been made by Officer Tullis of the police department, aided by Mr. Bass of the Beverage Department.

The defendant testified that he found a bag of tickets in the front of his store and gas station several months prior to the arrest; that he took them to the kitchen in the rear and gave them to his cook, told her to keep them and give them to anyone that called for them. Miranda Johnson, the cook, testified likewise. She said she had placed them in the lower or storage part of the refrigerator with paper bags and soap wrappers. This is where they were found. She was not employed by appellant when called as a witness.

The tickets were undated—there is no evidence of any sale or any effort at any time to utilize the tickets in a lottery. It's a mere bag of tickets with waste paper, where they were placed by a negro cook and where they had remained for many months. There is no conflict in the evidence. There is no circumstance or testimony in conflict with the defendant's testimony. Under these facts we have concluded it to be our duty to reverse because of a lack of adequate proof of the charge.

Reversed.

CHAPMAN, C. J., BROWN and BUFORD, JJ., concur.